IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE STOW COMPANY, a Michigan Corporation,

        Plaintiff,

v.

HOME ORGANIZERS, INC., a Delaware Corporation, CLOSETS BY DESIGN, INC., a California Corporation, CBD FRANCHISING, INC., a California Corporation,

        Defendants.

Case No.: 1:25-cv-00814

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

Plaintiff The Stow Company ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants Home Organizers, Inc., Closets By Design, Inc., and CBD Franchising, Inc. (collectively, "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for willful trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as related state law claims, including violation of the Michigan Consumer Protection Act and Michigan common law, all arising from Defendants' unauthorized use of Plaintiff's federally registered INSPIRED CLOSETS® and

EASYCLOSETS® trademarks in connection with Defendants' online advertising and marketing activities.

2. Defendants have deliberately targeted consumers searching for Plaintiff's goods and services by incorporating the INSPIRED CLOSETS® and EASYCLOSETS® trademarks, or confusingly similar variations thereof, into the headlines of their paid and sponsored advertisements. Defendants' conduct is likely to cause, or has already caused, consumer confusion and constitutes a bad faith attempt to divert potential customers and trade on Plaintiff's hard-earned goodwill.

3. Plaintiff has incurred substantial harm, including diverted sales, lost leads, and missed business opportunities, as a direct result of Defendants' unlawful actions.

4. Plaintiff seeks injunctive relief, damages, and other remedies available under federal and state law to enjoin Defendants' unlawful conduct and to compensate for the harm caused by Defendants' unfair competition and infringement.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff The Stow Company is a Michigan corporation with its principal place of business in Holland, Michigan.

6. Upon information and belief, Defendant Home Organizers, Inc. is a Delaware corporation with its principal place of business in Whittier, California.

7. Upon information and belief, Defendant Closets By Design, Inc. is a California corporation with its principal place of business in Whittier, California.

8. Upon information and belief, Defendant CBD Franchising, Inc. is a California corporation with its principal place of business in Garden Grove, California.

9. Upon information and belief, Defendants are related entities under common ownership and control. Each entity performs distinct functions in connection with the Closets By Design brand, including brand ownership, licensing, marketing, and operation of corporate and franchised store locations. At all relevant times, Defendants acted in concert and for their collective benefit with respect to the conduct alleged herein.

10. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over all parties, and venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

**A.  PLAINTIFF'S ACTIVITIES AND TRADEMARK RIGHTS**

12. Plaintiff is a leading provider of home organization and storage solutions in the United States. It designs, manufactures, and distributes custom products for closets, garages, pantries, home offices, and other spaces, which it markets and sells under various brands, including its well-known INSPIRED CLOSETS® family of marks.

13. Plaintiff has used the INSPIRED CLOSETS® family of marks (the "Inspired Closets Marks") in United States commerce since at least as early as 2017 in connection with custom closet systems, cabinetry, storage solutions, and related design and installation services.

14. Plaintiff owns multiple United States trademark registrations covering the Inspired Closets Marks, including the following:

3

| Mark | Reg. No. | First Use in Commerce | Reg. Date | Class(es) |
|---|---|---|---|---|
| INSPIRED CLOSETS | 5256427 | Jan. 19, 2017 | Aug. 01, 2017 | 20 |
| INSPIRED CLOSETS | 5697378 | Jan. 19, 2017 | Mar. 12, 2019 | 16, 20, 37, 42 |
| [Inspired Closets logo] | 5697381 | Jun. 10, 2017 | Mar. 12, 2019 | 16, 20, 37, 42 |
| INSPIRED CLOSETS STUDIO | 5486581 | Jun. 10, 2017 | Jun. 05, 2018 | 42 |
| INSPIRED CLOSETS ENVISION | 7851491 | Oct. 28, 2024 | Jul. 01, 2025 | 42 |
| INSPIRED DAYS START IN INSPIRED CLOSETS | 5544747 | Oct. 23, 2017 | Aug. 21, 2018 | 20 |
| INSPIRED CLOSETS ENVISION SEE YOUR CLOSET COME TO LIFE | 7859132 | Oct. 28, 2024 | Jul. 08, 2025 | 42 |

15. Plaintiff also owns rights in and to the EASYCLOSETS® trademarks (collectively, the "EasyClosets Marks"), which it has used in United States commerce since at least as early as 1991 in connection with similar home organization products and services. The EasyClosets Marks are likewise protected by United States trademark registrations, including the following:

| Mark | Reg. No. | First Use in Commerce | Reg. Date | Class(es) |
|---|---|---|---|---|
| EASYCLOSETS | 4334765 | Oct. 18, 1999 | May 14, 2013 | 20 |
| EASYCLOSETS | 6936231 | Jan. 16, 2020 | Dec. 27, 2022 | 20, 42 |

16. The Inspired Closets Marks and the EasyClosets Marks are referred to collectively herein as the "Stow Marks."

17. All of the foregoing registrations are valid, subsisting, and in full force and effect. Each has been duly registered with the U.S. Patent and Trademark Office and remains actively maintained by Plaintiff through the timely filing of all required renewals and declarations.

18. A majority of the foregoing registrations, including U.S. Reg. Nos. 5256427, 5697378, 5697381, 5486581, 5544747, and 4334765, have also attained incontestable status under 15 U.S.C. § 1065 and therefore constitute conclusive evidence of the validity of those marks, the

4

corresponding registrations, Plaintiff's ownership of the incontestable marks, and Plaintiff's exclusive right to use them in commerce.

19. Due to extensive nationwide promotion, sales, and advertising, the Stow Marks are widely recognized by consumers as identifying Plaintiff and its high-quality products and services, and the Stow Marks embody substantial and valuable goodwill.

20. In particular, Plaintiff has made substantial investments in digital marketing and online advertising to promote the Stow Marks and reach consumers actively seeking home organization and storage solutions.

21. As part of its business model, Plaintiff uses Google Ads and other search engine and social media marketing tools to ensure that both consumers generally searching for home organization and storage solutions, as well as those specifically seeking its INSPIRED CLOSETS® and EASYCLOSETS® brands, are directed to Plaintiff's official websites and authorized dealers, as applicable. Plaintiff's online activities are carefully designed to capture consumer interest at the critical moment of search, driving qualified internet leads to Plaintiff's websites, where the leads are converted into sales.

22. In addition to its use of Google Ads and related services, Plaintiff actively manages and optimizes its presence in Google search results to maximize visibility to potential customers. Plaintiff ensures that its websites appear prominently in response to relevant keyword and brand-specific searches, providing accurate information about its products, services, and locations. These search result listings serve as a primary channel for consumer engagement, inquiries, and lead generation. Accordingly, the effectiveness of Plaintiff's search visibility and broader online marketing efforts is a key component of its overall business strategy and a significant driver of its sales and growth.

23. As a result of the foregoing efforts, consumers searching for "INSPIRED CLOSETS," "EASYCLOSETS," and other related terms have become accustomed to encountering Plaintiff's official advertisements and search result listings, which they rely upon to identify the source of high-quality custom closet solutions. Plaintiff's sustained investment in digital marketing has created a strong association in the minds of consumers between the Stow Marks and Plaintiff's business, reinforcing the role of the Stow Marks as distinctive source identifiers and enhancing their goodwill and commercial value.

**B.  DEFENDANTS' UNLAWFUL AND INFRINGING CONDUCT**

24. Upon information and belief, beginning in or around March 2025, Defendants launched an advertising campaign on Google targeting consumers searching for Plaintiff's INSPIRED CLOSETS® and EASYCLOSETS® brands. As part of this campaign, Defendants: (a) purchased "INSPIRED CLOSETS," "EASYCLOSETS," and other confusingly similar keywords to trigger the display of their sponsored advertisements; and (b) incorporated the terms "INSPIRED CLOSET," "EASY CLOSET," or other similar references to the Stow Marks directly into the headlines of those advertisements.

25. Defendants prominently feature the Stow Marks or confusingly similar variations thereof in the headlines of such advertisements to capture initial consumer interest, divert online traffic intended for Plaintiff, and unlawfully trade on Plaintiff's goodwill. These advertisements routinely appear above or adjacent to Plaintiff's organic and paid search results, leading consumers to mistakenly believe that Defendants are affiliated with, endorsed by, or otherwise connected to Plaintiff and its INSPIRED CLOSETS® and EASYCLOSETS® brands.

26. Representative unlawful advertisements displayed in response to consumer searches for "INSPIRED CLOSETS" feature headlines "Custom Inspired Closet Design" and "Get

Inspired Closet Designs," followed by a link directing users to Defendants' *closetsbydesign.com* website. Similarly, representative unlawful advertisements displayed in response to consumer searches for "EASYCLOSETS" feature headlines "Organize with Easy Closets – Easy Closet Solutions on Track" and "Easy Closets, On Track Budget," followed by the same link to the *closetsbydesign.com* website. *See* Exhibit A, attached.

27. In addition to deliberately pairing keywords corresponding to Plaintiff's brands with the Stow Marks, or confusingly similar variations thereof, in advertisement headlines, Defendants have implemented the same tactics to target multiple well-known competitors, including Lowe's, Wayfair, and Modular Closets. This pattern of conduct reflects a consistent and intentional strategy of targeting brand names associated with established goodwill. *See* Exhibit B, attached.

28. Defendants' use of Plaintiff's marks constitutes a deliberate intent to cause consumer confusion and misappropriate the commercial value meticulously developed and associated with Plaintiff's brands. Defendants' knowledge and understanding of trademark law as sophisticated business entities with their own trademark portfolios, combined with their use of various competitors' marks in visible advertising content, demonstrate bad faith, willful infringement, and a calculated effort to trade on goodwill Defendants did not build.

29. Defendants' unauthorized use of the Stow Marks has caused, and is likely to continue causing, consumer confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods and services.

30. Defendants' unauthorized use of the Stow Marks in sponsored search advertisements and keyword bidding directly interferes with Plaintiff's ability to generate and

convert internet leads. By placing unlawful advertisements that appear above or alongside Plaintiff's own sponsored advertisements and organic listings, Defendants divert consumers actively seeking Plaintiff's products and services, causing confusion and misdirecting potential customers to Defendants' competing offerings. Such conduct not only results in the loss of valuable leads and sales for Plaintiff, but also undermines the effectiveness of Plaintiff's digital marketing investments and damages the reputation and goodwill associated with the INSPIRED CLOSETS® and EASYCLOSETS® brands.

31. As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, irreparable harm, including lost business opportunities, reduced return on advertising expenditures, and injury to its brand reputation and customer relationships.

### COUNT I: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

32. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Defendants' unauthorized use in commerce of the Stow Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

34. Defendants' unauthorized use in commerce of the Stow Marks as alleged herein constitutes false endorsement, use of a false designation of origin, and a misleading description and representation of fact.

35. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, including among consumers specifically

searching for Plaintiff's goods and services, through the unlawful use of Plaintiff's marks at the point of search.

36. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to, among other relief, preliminary and permanent injunctive relief, an award of Defendants' profits, Plaintiff's actual damages, enhanced damages for willful conduct, attorneys' fees, and costs pursuant to 15 U.S.C. §§ 1116 and 1117.

**COUNT II: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

39. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Defendants' unauthorized use in commerce of the Stow Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services. Such use is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

41. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Stow Marks and with the willful intent to cause confusion, divert consumer attention at the point of search, and trade on Plaintiff's goodwill. Such bad-faith conduct is further evidenced by Defendants' systematic use of other well-known competitor marks in their online advertising campaigns.

42. Defendants' conduct as alleged herein constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

44. Plaintiff is entitled to, among other relief, preliminary and permanent injunctive relief, an award of Defendants' profits, Plaintiff's actual damages, enhanced damages for willful conduct, attorneys' fees, and costs pursuant to 15 U.S.C. §§ 1116 and 1117.

### COUNT III: VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT (MCL 445.901 *et seq.*)

45. Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46. The Michigan Consumer Protection Act (MCPA) prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" including, inter alia, "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." *See* Mich. Comp. Laws § 445.903.

47. Defendants' unauthorized use in commerce of the Stow Marks as alleged herein is deceptive and likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sponsored, approved, or offered by Plaintiff or that Defendants are in some way affiliated with or sponsored by Plaintiff.

48. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

49. Plaintiff is entitled to, among other relief, Plaintiff's actual damages and reasonable attorneys' fees and costs pursuant to the MCPA.

## COUNT IV: MICHIGAN COMMON-LAW UNFAIR COMPETITION

50. Plaintiff repeats and realleges paragraphs 1 through 49 hereof, as if fully set forth herein.

51. Defendants' unauthorized use in commerce of the Stow Marks as alleged herein is deceptive and likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sponsored, approved, or offered by Plaintiff or that Defendants are in some way affiliated with or sponsored by Plaintiff.

52. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, injunctive relief, recovery of damages for pecuniary losses, and punitive damages under Michigan state unfair competition law.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in its favor against Defendants as follows:

1. Declaring that Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), the Michigan Consumer Protection Act, and Michigan common law.

2. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, their employees, franchisees, agents, officers, directors, attorneys, successors,

affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    (a)    Engaging in any activity that infringes Plaintiff's rights in and to the Stow Marks;

    (b)    Engaging in any activity constituting unfair competition with Plaintiff;

    (c)    Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff;

    (d)    Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and services with Plaintiff or tend to do so;

    (e)    Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d).

3.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

      4.      Directing Defendants to immediately cease all use of the Stow Marks, or any confusingly similar variations thereof, in connection with any and all advertising, marketing, promotion, and online content, including but not limited to sponsored search engine advertisements, paid keyword placements, and any other digital or print materials, and to direct all agents, franchisees, marketing vendors, and other third parties acting on Defendants' behalf to do the same.

      5.      Directing, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1116(a), that Defendants file with the Court and serve upon Plaintiff's counsel, within thirty (30) days after service on Defendants of any injunction entered in this action (or such extended period as the Court may allow), a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

      6.      Awarding Plaintiff an amount up to three times the amount of its actual damages pursuant to 15 U.S.C. § 1117(a).

      7.      Directing that Defendants account and pay to Plaintiff all profits derived from its wrongful acts pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), with such profits enhanced as appropriate to fully compensate Plaintiff for the damages caused thereby.

      8.      Awarding Plaintiff punitive and exemplary damages as deemed appropriate by the Court to deter any future unlawful conduct by Defendants.

      9.      Declaring this case exceptional pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and awarding Plaintiff its costs and reasonable attorneys' fees accordingly.

      10.      Awarding Plaintiff interest on the foregoing sums, including both prejudgment and post-judgment interest.

      11.      Awarding such other and further relief as this Court deems just and proper.

Dated: July 22, 2025     Respectfully submitted,

By: */s/ Timothy D. Kroninger*

    Jaye Quadrozzi (P71646)
    Timothy D. Kroninger (P83723)
    VARNUM LLP
    480 Pierce Street, Suite 300
    Birmingham, MI 48009
    Phone: (248) 567-7800
    Fax: (248) 567-7423
    jcquadrozzi@varnumlaw.com
    tdkroninger@varnumlaw.com

    *Counsel for Plaintiff The Stow Company*